1
2
3
4  UNITED STATES DISTRICT COURT
5  NORTHERN DISTRICT OF CALIFORNIA
6
7  UNITED STATES OF AMERICA,              Case No. 12-cr-00777-WHO-1
8           Plaintiff,
9     v.                                  **ORDER DENYING MOTION FOR COMPASSIONATE RELEASE**
10 NATHANIEL YANCEY,                      Re: Dkt. No. 121
11          Defendant.

Defendant Nathaniel Yancey moves for compassionate release following the tragic death of his daughter. She left behind four children. Her mother, Tyrazma Ray, who has two other children of her own, is understandably overwhelmed by the need to take care of all the children, particularly given the needs of one six year old grandchild who has severe asthma, and of her own need to maintain full-time employment. Mr. Yancey cares deeply about his grandchildren, has proven to be an effective caregiver in the past, and wishes to be released so that he can help his family in this time of need. He has served roughly 101 months of a 140-month sentence. I do not doubt that his grandchildren would benefit physically and emotionally from his immediate physical presence in their lives. But while I am sympathetic to the circumstances the family is in, I will deny the motion.

To qualify for compassionate release, I must find that there are "extraordinary and compelling reasons" to warrant compassionate release and consider the factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A). I also need to determine that the defendant is not a danger to the safety of others. *See* 18 U.S.C. § 3142(g).

Mr. Yancey is not the only available caregiver for his grandchildren. Ms. Ray is. She undeniably needs help in doing so, without which she may have to leave her employment. Mr. Yancey's incarceration, particularly at this time, creates a real hardship for her and the

grandchildren. As indicated by the many cases cited by the government and that I have seen when sentencing individuals, incarceration often imposes difficult burdens on the families of defendants; this is clearly one of those cases.

The parties argue over whether incapacitation of the caregiver for an incarcerated defendant's child or grandchild is necessary to establish an extraordinary and compelling reason for release under these circumstances. I do not find that there is a bright line rule in this regard. But even in the cases cited in reply by Mr. Yancey, it is apparent that the caretaking conditions described in them were more fraught than exist here. In *United States v. Bastain*, No. 3:13-cr-RLY-CMM-3, Dkt. 550 (S.D. Ind. Jan. 6, 2021), Bastain's mother was no longer able to care for Bastain's special needs child because of her chronic medical disorders, which Bastain argued rendered her incapacitated. In *United States v. Barnes*, No. 3:17-cr-11-RLY-MPB-4, Dkt. 186 (S.D. Ind. Jan. 29, 2021), Barnes sought release to care for her severely disabled son with less than 8 months left to serve on her sentence in light of her mother's deteriorating health and her father's dementia. In *United States v. Murry*, 2021 U.S. Dist. LEXIS 38121 (S.D. Ind. March 3, 2021), Murry's son was "in urgent need of a permanent, stable home" and Murry's parental rights were threatened with termination. *Id.* at *12. In *United States v. Seals*, 2020 U.S. Dist. LEXIS 24060 (E.D. Pa. 2020), the caregiver (Seals's mother) was incapacitated and other caregivers were unavailable.[1] In contrast with these cases, Ms. Ray does not have a medical condition that prevents or seriously limits her from taking care of her grandchildren. Although I recognize the difficult situation that she is in and the economic hardship that she faces, her situation is different from the ones described above in which relief was granted.

There is another, perhaps more important, difference between those cases and Mr. Yancey's, which has to do with how he has spent his time in custody and whether he would be a danger to others if released now. Mr. Yancey received a long sentence for being a felon in

---

[1] The decision in *United States v. England,* 2020 U.S. Dist. LEXIS 127257 (D. Mont., July 15, 2020)*,* focused on the unique COVID-related facts there. The defendant was already scheduled to be sent to home detention less than a month from the date of the decision. Her two-year old daughter was "medically fragile." England, who had served her term without disciplinary incident, was at a prison where the COVID spread was alarming. *Id*.,*3-6.

2

possession of a firearm and possession with intent to distribute marijuana. He has roughly three years left to serve. His criminal history qualified him as a "career offender" at sentencing. Importantly, he has incurred five disciplinary sanctions in the past five years, two of which were for getting into fights and threatening bodily harm against another prisoner. Government's Opposition, Dkt. No. 125, p.8 and Exh A. His motion did not reference how he has spent his time in custody, and when I asked at the hearing on this motion about his time in custody and the disciplinary infractions, his counsel could offer no additional information.

The cases cited by Mr. Yancey in his reply illustrate circumstances that I consider in sentencing that made the incarcerated defendants less of a danger to others and more reasonable to release than Mr. Yancey. Bastain had one disciplinary violation during his more than seven years in prison, had completed multiple drug treatment programs and education programs, and maintained prison employment. *Bastain* at *1. Barnes had a clean disciplinary record and had completed a drug treatment program. *Barnes* at 11. Murry was eligible for home confinement approximately a year after his motion was granted, had been "mostly productive" at the BOP, completing several classes, and had one disciplinary conduct write-up. *Murry* at *19. Seals took numerous courses in prison as well as a nonresidential drug program and drug education and had a clean disciplinary record; the sentencing judge had also mistakenly thought that she would have been released two years earlier than the BOP calculated. *Seals* at *9.

It is my hope, as Mr. Yancey's counsel urges, that Mr. Yancey has aged out of criminal activity. But his record in custody does not give me comfort that he is ready now to follow all of the conditions of supervised release and live a law-abiding life if released. In consideration of the sentencing factors at 18 U.S.C. § 3553(a), the potential danger Mr. Yancey's release poses to others, and recognizing that the situation facing Ms. Ray is very difficult but less so than the cases that have found an extraordinary and compelling reason to grant release, I deny Mr. Yancey's motion for compassionate release.

**IT IS SO ORDERED.**

Dated: May 27, 2021



William H. Orrick
United States District Judge

3