1

2

3

4                                UNITED STATES DISTRICT COURT

5                             NORTHERN DISTRICT OF CALIFORNIA

6

7    UNITED STATES OF AMERICA,                    Case No. 12-cr-00777-WHO-1

8                      Plaintiff,
                                                  **ORDER DENYING SECOND MOTION**
9           v.                                    **FOR COMPASSIONATE RELEASE**

10   NATHANIEL YANCEY,                             Re: Dkt. No. 133

11                     Defendant.

12          Defendant Nathaniel Yancey has filed a second motion seeking compassionate release

13   under 18 U.S.C. § 3582(c)(1)(A).  His first motion sought release following the tragic death of his

14   daughter and the childcare burden that placed on the mother of Yancey's children in May 2021.

15   Dkt. No. 121.  At that time, Mr. Yancey had served roughly 101 months of a 140-month sentence.

16   Dkt. No. 132.  I denied the motion because of an absence of extraordinary and compelling reasons

17   to grant release (given there were family members who were caring for his grandchildren and

18   children) and, in consideration of the factors under 18 U.S.C.§ 3553(a), there was a potential

19   danger to others in an early release in light of his being sentenced as a career offender and his

20   accumulation of five disciplinary infractions while in custody, including two for getting into fights

21   and threatening bodily harm against another prisoner.  *Id.*[1]

22          In this second motion, the sole grounds for compassionate release that he cites are related

23   to the COVID-19 pandemic:  Life in prison during the pandemic has been "far more punitive and

24   less rehabilitative than anything he could have anticipated," due to the length of time his has been

25   in lockdown, lack of rehabilitation and educational opportunities, the disrepair of the prison

26

27   [1] Counsel was appointed for Mr. Yancey on his first motion for compassionate release.  Dkt. No.
     120.  Counsel will not be appointed for this second, successive motion for compassionate release
28   as the grounds for release alleged by Mr. Yancey do not qualify as "extraordinary and compelling
     reasons" required for compassionate release.

facilities, the lack of ability to socially distance and "shoddy" COVID-19 precautions in prison, smoke inhalation from forest fires, and lack of medical care.  Dkt. No. 133.  His complaints are not specific to him; they raise generalized concerns.  Even taken as true – that the conditions Mr. Yancey complains of exist at the prison where he is incarcerated – those complaints cannot establish extraordinary and compelling reasons absent a connection to Mr. Yancey's age, health, or familial circumstances that possibly could justify compassionate release under 18 U.S.C. § 3582(c)(1)(A).[2]  The concerns he expresses, presumably, are being experienced by many if not all inmates and are not particular or unique to Mr. Yancey.  These complaints, if the conditions rise to the level of constitutional violations, may provide a ground to challenge the conditions of his confinement; they do not qualify as grounds for compassionate release.[3]

In sum, Mr. Yancey has not identified an extraordinary and compelling reason that justifies compassionate release under 18 U.S.C. § 3582(c)(1)(A).  His second motion for compassionate release is DENIED.

**IT IS SO ORDERED.**

Dated: August 31, 2022



William H. Orrick
United States District Judge

---

[2] The Sentencing Commission Policy Statement at U.S.S.G. Section 1B1.13 sets forth four "extraordinary and compelling reasons that warrant a sentence reduction."  The first three reasons pertain to the medical condition of the defendant, age of the defendant, and family circumstances. U.S.S.G. 1B1.13 Application Note 1(A)-(C).  The fourth provision is a "catch-all" provision which provides for compassionate release when "[a]s determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivision (A) through (C)." *Id*., app. note 1(D).

[3] If Mr. Yancey believes that conditions of his confinement are depriving him of his constitutional rights, for example deliberate indifference to his serious medical needs, he could file a civil rights complaint in the District of Oregon after exhausting whatever administrative remedies he may have.  This Court lacks jurisdiction to address those issues.